United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEONARD RUBEN MORENO,

        Petitioner,

 v.

CHARLES HARRISON, Warden,

        Respondent.

_____/

No. C-04-2933 MMC

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY UNDER 28 U.S.C. § 2244(d)**

(Docket No. 14)

     Before the Court is respondent Charles Harrison's motion to dismiss petitioner Leonard Ruben Moreno's petition for a writ of habeas corpus as untimely pursuant to 28 U.S.C. § 2244(d).  Petitioner has filed opposition to the motion; respondent has filed a reply.[1]  Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

//

---

    [1] Although the reply brief was filed nine months after the petitioner's opposition, this Court, on July 14, 2006, granted respondent's motion for <u>nunc pro tunc</u> relief, and denied petitioner's motion to strike the reply as untimely.

    [2] On July 18, 2006, petitioner filed a request for oral argument, pursuant to Habeas L.R. 2254-8(a).  Having reviewed the papers submitted by the parties, however, the Court finds the matter appropriate for resolution without oral argument, <u>see</u> Habeas L.R. 2254-8(b), and, accordingly, denies petitioner's request.

**BACKGROUND**

On July 14, 1998, petitioner was sentenced to 22 years and 4 months in prison after being convicted of two counts of sodomy on an unconscious victim, two counts of rape of an unconscious victim, and one count of failure to register as a sex offender.  (See Opp. Ex. C; Motion to Dismiss Ex. I at 1.)  Petitioner filed a notice of appeal on July 31, 1998. (See Opp. Ex. D.)  On December 29, 2000, while his appeal was pending, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal.  (See Opp. Ex. F.)  On March 14, 2002, the California Court of Appeal affirmed the conviction with a minor modification to strike a parole revocation fine.  (See Motion to Dismiss Ex. I.)  In a separate order issued the same date, the Court of Appeal denied the petition for a writ of habeas corpus.  (See Motion to Dismiss Ex. IV.)

On April 23, 2002, in the criminal case only, petitioner filed a petition for review in the California Supreme Court, which was denied on June 19, 2002.  (See Opp. Ex. G; Motion to Dismiss Ex. II.)  Petitioner subsequently filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 21, 2002.  (See Motion to Dismiss Ex. III.)

On September 25, 2003, petitioner filed a second petition for a writ of habeas corpus in the California Supreme Court.  (See Opp. Ex. I.)  On June 30, 2004, the California Supreme Court denied the petition in an order stating, in its entirety, "Petition for writ of habeas corpus is DENIED. (See In re Robbins (1998) 18 Cal.4th 770, 780.)"  (See Motion to Dismiss Ex. V.)

Subsequently, on July 20, 2004, petitioner filed the instant petition for a writ of habeas corpus in the federal district court.

On May 20, 2005, respondent filed the instant motion to dismiss the petition as untimely.  After receiving multiple extensions of time to respond to the motion, petitioner opposed the motion on the grounds that (1) the federal statute of limitations was tolled while his habeas petition was pending in the California Supreme Court, and (2) he is entitled to equitable tolling based on his reliance on then-controlling Ninth Circuit case law.

1

**LEGAL STANDARD**

2

### A. Limitations Period

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

4 one-year limitations period on petitions for writs of habeas corpus filed by state prisoners,

5 which begins running on "the date on which the judgment became final by the conclusion of

6 direct review or the expiration of the time for seeking such review." See 28 U.S.C.

7 § 2244(d)(1)(A). The limitations period is tolled, however, while "a properly filed application

8 for State post-conviction or other collateral review with respect to the pertinent judgment or

9 claim is pending." See 28 U.S.C. § 2244(d)(2).

10

### B. Effect of Untimely State Law Petitions

11

A petition for a writ of habeas corpus is "properly filed" when its delivery to, and

12 acceptance by, "the appropriate court officer for placement into the official court record" are

13 in "compliance with the applicable laws and rules governing filings." See Artuz v. Bennett,

14 531 U.S. 4, 8 (2000). Such filing requirements include, for example, rules prescribing the

15 form of the document, applicable time limits, the court and office in which the petition must

16 be filed and the requisite filing fee. See id. "[T]he question whether an application has

17 been 'properly filed' is quite separate from the question whether the claims contained in the

18 application are meritorious and free of procedural bar." See id. at 9. A state law

19 procedural bar sets forth "a condition to obtaining relief," rather than "a condition to filing,"

20 and, thus, does not determine whether a petition is "properly filed" for purposes of

21 § 2244(d)(2). See id. at 10-11. Petitions that violate state procedural bars "will not be

22 successful, but they have been properly delivered and accepted so long as the filing

23 conditions are met." See id. at 11.

24

State "time limits, no matter their form, are filing conditions." See Pace v.

25 DiGuglielmo, 125 S. Ct. 1807, 1814 (2005) (holding state postconviction petition rejected by

26 state court as untimely under state statute of limitations not "properly filed" within the

27 meaning of § 2242(d)(2)). "When a postconviction petition is untimely under state law, that

28 is the end of the matter for purposes of § 2244(d)(2)." See id. at 1812 (internal quotation

3

1    and citation omitted).  Thus, under <u>Pace</u>, "if a state court denies a petition as untimely,

2    none of the time . . . during the court's consideration of that petition is statutorily tolled."

3    <u>See</u> <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir 2005), <u>amended</u>, 439 F.3d 993 (9th

4    Cir. 2006).

5        **C. California's Timeliness Rule**

6        The California "Supreme Court, courts of appeal, superior courts, and their judges

7    have original jurisdiction in habeas corpus proceedings."  <u>See</u> Cal. Const. Art. 1 § 10.

8    Under California law, "a habeas corpus petition is not entitled to a presumption of

9    timeliness if it is filed more than 90 days after the final due date for the filing of appellant's

10   reply brief on the direct appeal."  <u>See</u> <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998).  When a

11   petition is filed after the 90-day limit, "to avoid the bar of untimeliness with respect to each

12   claim, the petitioner has the burden of establishing (i) absence of substantial delay,

13   (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of

14   untimeliness."  <u>See</u> <u>id.</u> (emphasis omitted).

15       Substantial delay is measured from the time the petitioner or his counsel knew, or

16   reasonably should have known, of the information offered in support of the claim and the

17   legal basis for the claim.  <u>See</u> <u>id.</u>  "Good cause for substantial delay may be established if,

18   for example, the petitioner can demonstrate that because he was conducting an ongoing

19   investigation into at least one potentially meritorious claim, the petitioner delayed

20   presentation of one or more other known claims in order to avoid the piecemeal

21   presentation of claims."  <u>See</u> <u>id.</u>  In addition, "[a] claim that is substantially delayed without

22   good cause, and hence is untimely, nevertheless will be entertained on the merits if the

23   petitioner demonstrates (i) that error of constitutional magnitude led to a trial that was so

24   fundamentally unfair that absent the error no reasonable judge or jury would have

25   convicted the petitioner; (ii) that the petitioner is actually innocent of the crime or crimes of

26   which he or she was convicted; (iii) that the death penalty was imposed by a sentencing

27   authority that had such a grossly misleading profile of the petitioner before it that, absent

28   the trial error or omission, no reasonable judge or jury would have imposed a sentence of

4

1  death; or (iv) that the petitioner was convicted or sentenced under an invalid statute.  See

2  id. at 780-81.

3  **DISCUSSION**

4  **A.  Statutory Tolling Under § 2244(d)(2)**

5  In the instant case, the one-year limitations period applicable, under AEDPA, to

6  petitioner's federal habeas petition began running on October 21, 2002, the date the United

7  States Supreme Court denied petitioner's petition for a writ of certiorari with respect to his

8  criminal conviction.  See 28 U.S.C. § 2244(d)(1)(A).  Thus, absent tolling, petitioner had

9  until October 21, 2003 to file a timely petition for a writ of habeas corpus in federal court.

10  See id.  As noted, petitioner did not file his federal petition until July 20, 2004.

11  Consequently, absent tolling, the instant petition is untimely.

12  On September 25, 2003, however, before the federal deadline expired, petitioner

13  filed a petition for a writ of habeas corpus in the California Supreme Court, which was

14  denied on June 30, 2004.  If petitioner is entitled to statutory tolling, pursuant to

15  § 2244(d)(2), for the period of time during which his September 25, 2003 petition was

16  pending in the California Supreme Court, his federal petition is timely.[3]

17  Respondent contends the California Supreme Court's denial of the petition with

18  citation to In re Robbins constituted a denial on timeliness grounds, and thus petitioner is

19  not entitled to statutory tolling because his petition was not "properly filed" within the

20  meaning of § 2244(d)(2).  Petitioner, relying on Bennett, contends that California's

21  timeliness rule set forth in Robbins is a "procedural bar, a condition to obtaining relief,"

22  rather than a condition to filing.  (See Opp. at 11.)  In particular, petitioner argues

23  California's timeliness rule is "not a 'time limit' nor a 'condition to filing' but an equitable

24  _____

25  [3] In particular, 339 days elapsed between the United States Supreme Court's denial
26  of certiorari on October 21, 2002 and the filing of the petition for a writ of habeas corpus in
   the California Supreme Court on September 25, 2003.  The California Supreme Court
27  denied that petition on June 30, 2004, twenty days before the instant petition was filed on
   July 20, 2004.  Consequently, if petitioner is entitled to tolling during the time his petition
28  was pending before the California Supreme Court, his federal petition was filed within
   AEDPA's one-year limitations period.

5

1 doctrine, applied on a case-by-case and claim-by-claim basis, that sometimes results in a

2 procedural default" and that "[s]uch a doctrine is manifestly not a precondition to filing."

3 (See Opp. at 11.)

4   In Pace, the Supreme Court explicitly held that "time limits, no matter their form, are

5 'filing' conditions."  See Pace, 125 S. Ct. at 1814.  Subsequently, in Bonner, the Ninth

6 Circuit, relying on Pace, held California's timeliness rule constitutes such a "filing condition"

7 for purposes of AEDPA.  See Bonner, 425 F. 3d at 1148-49.  In so holding, the Ninth Circuit

8 acknowledged that the Supreme Court in Pace implicitly overruled Saffold v. Carey, 312

9 F.3d 1031 (9th Cir. 2002), in which the Ninth Circuit held California's timeliness rule was

10 not a condition to filing.  See Bonner, 425 F.3d at 1149.  The Ninth Circuit concluded that

11 "[u]nder Pace, if the petition was untimely under California law, it was never properly filed,"

12 and, consequently, cannot serve to toll the limitations period under § 2244(d)(2).[4]  See id.

13   Petitioner contends that holding California's timeliness rule to be a filing condition is

14 unfair because "California prisoners in non-capital cases have no filing deadline, they

15 cannot and do not know whether any delay on their part is problematic until after the

16 petition is decided." (See Opp. at 14.)  In Bonner, however, the Ninth Circuit expressly

17 "recognize[d] the harshness" of the result of its decision that California's timeliness rule is a

18 filing condition.  See Bonner, 425 F.3d at 1149.  Indeed, the Ninth Circuit noted that Pace

19 "expressly held that such a result – a petitioner trying in good faith to exhaust state

20 remedies may litigate in state court for years only to find out at the end that he was never

21 properly filed – did not justify a different rule."  See id. (internal quotation omitted).

22   In the instant case, the California Supreme Court denied the petition before it as

23

24   [4] Petitioner argues that Bonner is wrongly decided and should not be followed by this
Court. This Court has no authority to disregard controlling Ninth Circuit precedent.

25 Petitioner also contends Bonner conflicts with the Ninth Circuit's post-Pace opinion in
Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir.  2006).

26 Petitioner's reliance on Gaston is unpersuasive, however, because none of the state
habeas petitions at issue in that case were dismissed as untimely, see id. at 1043-44, and

27 thus Gaston's holding that the state petitions therein were properly filed does not conflict
with Bonner's holding that untimely state habeas petitions are not properly filed within the

28 meaning of § 2244(d)(2).

1     time-barred.  Because, under <u>Bonner</u>, California's timeliness rule is a condition to filing, that

2     petition was never properly filed.  Thus, petitioner is not entitled to statutory tolling under §

3     2244(d)(2) for the period between the filing and denial of the petition in the California

4     Supreme Court.

5             **B.  Equitable Tolling**

6             Petitioner asserts that even if he is not entitled to statutory tolling under

7     § 2244(d)(2), he is entitled to equitable tolling because "he, and the state court appointed

8     counsel who assisted him in preparing his post-conviction petitions, reasonably relied on

9     the controlling Ninth Circuit opinions in <u>Carey v. Saffold</u>, <u>Smith v. Duncan</u>, and <u>Dictado v.</u>

10    <u>Ducharme</u>."[5]  (<u>See</u> Opp. at 25; <u>see also</u> Opp. Ex. K (Robinson Decl.) ¶¶ 8-9; Opp. Ex. J

11    (Moreno Decl.) ¶¶ 5-6).)  Petitioner argues that Ninth Circuit law "followed what appeared

12    to be the clear holding of [<u>Bennett</u>], that a procedural defect in the timeliness of a state

13    habeas filing was a defect as to a condition to relief, and not a condition to filing, and thus

14    no bar to the application of statutory tolling under § 2244(d)(2)."  (<u>See</u> Opp. at 32.)

15            Although the Supreme Court has "never squarely addressed the question whether

16    equitable tolling is applicable to AEDPA's statute of limitations," <u>see</u> <u>Pace</u>, 125 S.Ct. at

17    1814 n.8, the Ninth Circuit has held that AEDPA's one-year limitations period is subject to

18    equitable tolling.  <u>See</u> <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir.

19    2005).  A litigant seeking equitable tolling bears the burden of establishing "(1) he has been

20    pursuing his rights diligently and (2) that some extraordinary circumstance stood in his

21

22            [5] As noted, in <u>Saffold v. Carey</u>, the Ninth Circuit held "California's timeliness rule is not a 'condition to filing.'"  <u>See</u> <u>Saffold v. Carey</u>, 312 F.3d at 1035.  In <u>Dictado v. Ducharme</u>,

23    the Ninth Circuit held that "if a state's rule governing the timely commencement of state postconviction relief contains exceptions that require a state court to examine the merits of

24    a petition before it is dismissed, the petition, even if untimely, should be regarded as 'properly filed.'"  <u>See</u> <u>Dictado v. Ducharme</u>, 244 F.3d 724, 727-28 (9th Cir. 2001).  To the

25    extent such decisions hold that an untimely petition under state law is "properly filed" within the meaning of § 2244(d)(2), they have been overruled by <u>Pace</u>.  <u>See</u> <u>Pace</u>, 125 S.Ct. at

26    1814 (holding "time limits, no matter their form, are 'filing' conditions"; where a state court rejects a petition as untimely, the petition "was not 'properly filed,' and [petitioner] is not

27    entitled to statutory tolling under § 2244(d)(2)); <u>see also</u> <u>Bonner</u>, 425 F.3d at 1149 (recognizing <u>Saffold</u> was "implicitly overruled" by <u>Pace</u>).  Petitioner's reliance on <u>Smith v.</u>

28    <u>Duncan</u> is unpersuasive in that the timeliness of state court petitions was not at issue therein.  <u>See</u> <u>Smith v. Duncan</u>, 297 F.3d 809, 812 (9th Cir. 2002).

1  way." See Pace, 125 S. Ct. at 1814. "Equitable tolling is applicable only if extraordinary

2  circumstances beyond a prisoner's control make it impossible to file a petition on time."

3  See Roy v. Lampert, 2006 WL 1897100 at *3 (9th Cir. July 12, 2006) (internal quotation

4  and citation omitted). "[T]he threshold necessary to trigger equitable tolling [under AEDPA]

5  is very high, lest the exceptions swallow the rule."[6]  See Shannon v. Newland, 410 F.3d

6  1083, 1090 (9th Cir. 2005) (alteration in original; internal quotation and citation omitted).

7  ## 1. Extraordinary Circumstances

8  The Court has located no decision addressing the issue of whether a petitioner, who

9  relied on controlling pre-Pace authority with respect to the tolling effect of an untimely

10  California habeas petition, is entitled to equitable tolling of the limitations period during the

11  pendency of such untimely state petition.[7]

12  In a somewhat analogous situation, the Second Circuit remanded for consideration

13  of equitable tolling where a petitioner, prior to the Supreme Court's decision in Duncan v.

14  Walker, 533 U.S. 167, 181-82 (2001), had detrimentally relied on Second Circuit law with

15  respect to the tolling effect of a federal habeas petition. See Rodriguez v. Bennett, 303

16  F.3d 435, 438-439 (2d Cir. 2002) (remanding for consideration of equitable tolling after

17  
18  [6] Petitioner erroneously relies on non-habeas cases applying a less stringent
standard for equitable tolling than that set forth in Pace. See Dempsey v. Pacific Bell Co.,
19  789 F.2d 1451, 1453 (9th Cir. 1986) (holding statute of limitations may be subject to
equitable tolling where untimely filing "was the result of excusable ignorance and defendant
20  was not prejudiced by that error"); see also Capital Tracing v. United States, 63 F.3d 859,
862 (9th Cir. 1995) (citing Dempsey).

21  [7] Respondent argues in his reply that Gonzalez v. Crosby, 125 S. Ct. 2641 (2005),
stands for the proposition that Pace's change in the law is not an extraordinary
22  circumstance justifying equitable tolling. Gonzalez is distinguishable, however. In
Gonzalez, the petitioner therein filed a motion, pursuant to Rule 60(b)(6) of the Federal
23  Rules of Civil Procedure, to set aside a final judgment dismissing his habeas petition as
untimely, based on new law as set forth in Bennett. See id. at 2645. The Supreme Court
24  affirmed the denial of the motion, holding that a change in the law was not an extraordinary
circumstance justifying reopening a case. See id. at 2650. The Court noted that "[i]f
25  [Bennett] justified reopening long-ago dismissals based on a lower court's unduly
parsimonious interpretation of § 2244(d)(2), then Pace . . . would justify reopening long-ago
26  grants of habeas relief based on a lower court's unduly generous interpretation of the same
tolling provision." See id. at 1250-1251 (emphasis omitted). Here, however, petitioner is
27  not seeking to reopen a closed case. Gonzalez says nothing about whether a change in
the law justifies equitable tolling where the petitioner acts in reliance on the prior state of
28  the law.

8

1    reversal of <u>Walker v. Artuz</u>, 208 F.3d 357, 361-62 (2nd Cir. 2000), wherein  Second Circuit

2    had held filing of federal habeas petition tolls limitations period under § 2254(d)(2)).

3    Subsequent to <u>Rodriguez</u>, a number of district courts in the Second Circuit have held the

4    change in the law effected by <u>Duncan v. Walker</u> was an extraordinary circumstance

5    sufficient to warrant equitable tolling, at least where the petitioner initially had filed a timely

6    federal petition and the district court dismissed that petition with assurances the petitioner

7    could return thereafter.  <u>See</u>, <u>e.g.</u>, <u>De Jesus v. Miller</u>, 215 F. Supp. 2d 410, 412-413

8    (S.D.N.Y. 2002); <u>Jimenez v. Walker</u>, 166 F. Supp. 2d 765, 772 (E.D.N.Y. 2001); <u>see</u> <u>also</u>

9    <u>Smith v. Ratelle</u>, 323 F.3d 813, 819 (9th Cir. 2003) (finding equitable tolling applicable

10   where district court "summarily dismissed" petition and "provided a misleading explanation

11   of [petitioner's] options to avoid a procedural default").

12        Here, by contrast, no court made it "impossible," <u>see</u> <u>Roy</u>, 2006 WL 1897100 at *3,

13   for petitioner to proceed on a federal petition, and, consequently, it is difficult, under the

14   circumstances presented here, to accept petitioner's argument that the intervening change

15   in the law constitutes a cognizable "extraordinary" circumstance.  Petitioner concedes he

16   was aware of the options available to him that would have resulted in the filing of a timely

17   petition.  "In late August 2003," petitioner's counsel attests, his "calendar reminded [him]

18   that the federal petition in [petitioner's] case needed to be prepared and filed by the

19   following month."[8]  (<u>See</u> Robinson Decl. ¶ 8.)  At that point, seventeen months after the

20   denial of petitioner's previous state habeas petition, counsel advised petitioner to file "a

21   revised habeas petition in the California Supreme Court to exhaust the claim, and then fil[e]

22   the federal habeas petition after denial by the California Supreme Court." (<u>See</u> <u>id.</u> at ¶¶ 8,

23   9.)  Counsel attests he was aware that as an alternative he could have (1) abandoned the

24   unexhausted claim and promptly filed a federal habeas petition, or (2) filed a "mixed

25   petition" presenting the exhausted and unexhausted claims, and requested the district court

26   to stay the petition pending exhaustion of claims in state court.  (<u>See</u> <u>id.</u> ¶ 8.)  Both of these

27   _____

28        [8] As noted, absent tolling, the one-year limitations period for filing a federal petition
     expired October 21, 2003.

1   alternatives were available to petitioner and either would have resulted in a timely-filed

2   federal petition.  Petitioner chose instead to file a renewed petition in the California

3   Supreme Court. (See id. at ¶¶ 8, 9.)  Petitioner chose this option because he did not want

4   to abandon his unexhausted ineffective assistance of counsel claim, and he considered

5   filing a mixed petition in federal court "potentially risky."  (See id. at ¶ 8.)

6          Filing a mixed petition in federal court, however, was clearly a viable option under

7   Ninth Circuit law.  Controlling Ninth Circuit precedent "unequivocally authorize[d] district

8   courts to stay fully exhausted federal petitions pending exhaustion of other claims," see

9   Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000); once the additional claims were fully

10  exhausted in state court, the stayed federal petition could be amended to include those

11  newly exhausted claims, see James v. Pliler, 269 F.3d 1124, 1126-27 (9th Cir. 2001).

12  Certainly, there was a "risk," as recognized by petitioner's counsel, that the district court

13  might exercise its "discretion to deny such a stay," (see Robinson Decl. ¶ 8(b)), based on

14  "undue delay," see Anthony, 236 F.3d at 577 (internal quotation and citation omitted).  Any

15  such risk, however, was not one created by anyone other than petitioner.

16          Under such circumstances, there was no "extraordinary circumstance" making it

17  "impossible" for petitioner to file a timely federal habeas petition.  See Roy, 2006 WL

18  1897100 at *3; see also Malcom v. Payne, 281 F.3d 951, 962-63 (9th Cir. 2002) (holding

19  petitioner's interpretation of AEDPA's tolling provision as including clemency petitions did

20  not entitle petitioner to equitable tolling; noting, "it was [the petitioner] and her counsel's

21  informed collective decision to pursue clemency before filing a second personal restraint

22  petition . . .  instead of filing a federal habeas petition within AEDPA's one-year window";

23  explaining neither the state nor the federal court "coerced [the petitioner] into petitioning for

24  clemency before pursuing other available avenues of relief that would have avoided the

25  predicament in which she now finds herself").

26                              **2.  Reasonable Diligence**

27          Even assuming extraordinary circumstances justifying equitable tolling exist under

28  the circumstances presented herein, petitioner nonetheless fails to satisfy the additional

                                          10

1   requirement of reasonable diligence.  In <u>Pace</u>, the Supreme Court held the petitioner

2   therein failed to act with reasonable diligence because the claims he asserted in his

3   untimely state petition could have been asserted earlier but the "petitioner waited years,

4   without any valid justification," to assert them.[9]  <u>See id.</u> at 1815.  The Supreme Court held

5   the petitioner's four-year delay between the denial of the his first state court petition and the

6   filing of his second petition, as well as the subsequent five-month delay between the denial

7   of his second petition and the filing of his federal petition, precluded equitable tolling.  <u>See</u>

8   <u>id.</u> at 1810, 1815.  In so holding, the Supreme Court noted that "[h]ad petitioner advanced

9   his claims within a reasonable time of their availability, he would not now be facing any time

10  problem, state or federal."  <u>See id.</u> at 1815.

11       In the instant case, as in <u>Pace</u>, the claims asserted in petitioner's untimely state

12  habeas petition could have been asserted earlier.  Indeed, the untimely habeas petition

13  contained an amended version of the same claim that was included in petitioner's previous,

14  timely-filed, state petition.  The habeas petition filed in the California Court of Appeal was

15  based on the argument that petitioner's trial counsel provided ineffective assistance with

16  respect to the preparation and examination of the defense expert on drugs and alcohol,

17  Dr. Stephen Pittel ("Dr. Pittel").  (<u>See</u> Motion Ex. IV at 2.)  Petitioner's counsel attests that,

18  after the California Court of Appeal denied the petition, he decided "to file a new habeas

19  petition in the California Supreme Court which presented the same claims in an altered

20  form, including a revision of the Declaration of Dr. Pittel and alterations in the specific

21  nature of the allegations of ineffective assistance of counsel in the first petition."  (<u>See</u>

22  Robinson Decl. ¶ 4; <u>see also</u> Motion Ex. V at 2-3.)  Petitioner acknowledges that the same

23  claims were included in both petitions, and sets forth no reason why the amended version

24  of the ineffective assistance claim included in his petition to the California Supreme Court

25

26       [9] Because the petitioner in <u>Pace</u> failed in his showing of diligence, the Supreme
    Court did not address his claim of extraordinary circumstances.  <u>See id.</u>  The petitioner had
27  argued that "'state law and Third Circuit exhaustion law created a trap' on which he
    detrimentally relied as his federal time limit slipped away."  <u>See id.</u> at 1814-15.  In denying
28  habeas relief, the Supreme Court observed, "Even if we were to accept petitioner's theory,
    he would not be entitled to relief because he has not established the requisite diligence."

1  could not have been included in his earlier petition in the California Court of Appeal.

2      Concededly, the eighteen-month delay, between the denial of petitioner's initial state

3  habeas petition on March 14, 2002 and the filing of his subsequent petition in the California

4  Supreme Court on September 25, 2003, is less than the four-year delay at issue in Pace.

5  Moreover, in Roy, the Ninth Circuit found one of the petitioners therein was entitled to an

6  evidentiary hearing on the issue of equitable tolling where eighteen months had elapsed

7  before the filing of his state court petition.  See Roy, 2006 WL 1897100 at *3.  Roy is

8  distinguishable, however, because that petitioner had submitted evidence of diligence

9  lacking in the instant case.[10]

10     In Roy, the petitioner, Roy, was convicted in Oregon, but thereafter was transferred

11  to a prison in Arizona where, he contended, the prison law library lacked information on

12  Oregon law necessary to prepare a petition for post-conviction relief.  See id. at *1, *6.

13  While imprisoned in Arizona, Roy "complained to . . . the State of Oregon Governor's

14  Advocate for Public Safety and the Corrections Ombudsman, that the Arizona facility did

15  not have sufficient legal resources to enable Roy to pursue his claims," and met with her in

16  person in Arizona to complain about the law library.  See id. at *4.  Additionally, while in

17  Arizona, Roy filed a federal lawsuit challenging the adequacy of the law library.  See id. at

18  *5.  Eventually, Roy was transferred to an Oregon prison, and thereafter filed a petition for

19  post-conviction relief in Oregon state court.  See id. at *1.  The Ninth Circuit held Roy

20  presented sufficient evidence of diligence to warrant an evidentiary hearing on the issue of

21  equitable tolling of the federal statute of limitations during the time he was imprisoned in

22  Arizona.  See id. at *4.

23     Here, by contrast, there is no such evidence of diligence.  Other than the asserted

24  "pressures of [counsel's] workload as a Staff Attorney with [the] Sixth District Appellate

25

26  [10] Nothing in Roy suggests the Ninth Circuit considered a delay of eighteen months insignificant.  Indeed, in distinguishing a Tenth Circuit decision, Miller v. Marr, 141 F.3d

27  976, 978 (10th Cir. 1998), wherein the petitioner was found not to have exercised reasonable diligence and therefore was not entitled to equitable tolling, the Ninth Circuit

28  described the fifteen-and-a-half-month delay at issue therein as "a long time."  See Roy, 2006 WL 1897100 at *6.

1  Program," (see Robinson Decl. ¶ 7), petitioner offers no reason for the eighteen-month

2  delay between the denial of his initial state habeas petition on March 14, 2002 and the filing

3  of his second state petition on September 25, 2003.  Petitioner has cited no case

4  suggesting that a habeas petitioner may avoid the statute of limitations simply by

5  presenting evidence that his counsel was too busy to file a timely petition.  Accordingly, the

6  Court finds petitioner failed to act with the requisite diligence in filing his habeas petition in

7  the California Supreme Court, and, consequently, petitioner is not entitled to equitable

8  tolling.  As in Pace, "[h]ad petitioner advanced his claims within a reasonable time of their

9  availability, he would not now be facing any time problem, state or federal."  See Pace, 125

10 S.Ct. at 1815.

**CONCLUSION**

12      For the reasons set forth above, respondent's motion to dismiss the petition as

13 untimely under 28 U.S.C. § 2244(d) is hereby GRANTED.

14      **IT IS SO ORDERED.**

15 Dated: August 18, 2006

MAXINE M. CHESNEY
United States District Judge

13